Lee G. **RUBENSTEIN** et al., Appellants,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 18929.

United States Court of Appeals
District of Columbia Circuit.

Argued April 2, 1965.

Decided May 6, 1965.

Mr. John J. Sexton, Washington, D. C., for appellants.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before FAHY, Circuit Judge, BASTIAN, Senior Circuit Judge, and McGOWAN, Circuit Judge.

PER CURIAM.

This is a proceeding instituted by appellee to condemn certain land in the District of Columbia owned by appellants. The case duly came on for trial, and a verdict was rendered by the condemnation jury awarding compensation to the property owners.

Thereafter, appellants filed a motion for a new trial, urging errors in the exclusion of certain proffered evidence, errors in the admission of certain other evidence, error in the refusal of the court to strike certain evidence allegedly erroneously admitted, and errors in the court's charge to the jury.

The trial court, in an exhaustive opinion, 232 F.Supp. 714 (1964), sub nominee, District of Columbia v. Lot 813 in Square 568, overruled the motion for new trial, and thereupon the verdict of the jury was ratified and confirmed.

We think the opinion of the trial court adequately disposes of the points raised on appeal and, accordingly, the judgment of the District Court is

Affirmed.

FAHY, Circuit Judge (dissenting):

Milburn J. Donohoe, Jr., a qualified expert on the value of land, testified at the instance of the owners of the property. Based on his inspection of the site and other factors which he then specified he testified that the market value as of the date of the taking was $459,250, or $25.33 per square foot. After giving this testimony he was asked by counsel for the owners, thus continuing the direct examination, whether these figures took into consideration certain special factors, namely, the excavation which had occurred in preparation for building on the site, and the plans and financing which had been arranged. Clearly eliminated from consideration were the costs of plans, architectural fees or costs of financing. The witness said the values he had given did not take these special factors into consideration but that he did have an opinion which included them. The court, however, would not permit the witness to give his opinion of value considering these special factors.[1] The court seemed not to dispute their relevance to the value of the property but took the position that the witness should have considered these factors when he gave the opinion first above referred to. Since the witness had not done so the exclusion was plain error prejudicial to the property owners; for counsel for the owners made an offer of proof to the effect that if permitted to do so the witness would have valued the property at $534,250, or $29.46 per square foot. The award of the jury was on the basis of $22.75 per square foot.

---

1. Later the court did allow the witness to take into account an additional $12,000 which was undisputed, as representing certain costs which had been incurred by the owners.